**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Sharon Walker, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:17-cv-01586-JMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DDR Corp., BRE DDR Harbison Court | ) | |
| LLC, Joe Doe No. 1, John Doe No. 2, | ) | |
| John Doe Company No. 1, Joe Doe | ) | |
| Company No. 2, Joe Doe Company No. 3, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| BRE DDR Harbison Court LLC, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Coffelt Consolidated Holdings Inc., *d/b/a* | ) | |
| Elite Sweeping Service, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

This matter is before the court for review of DDR Corp. and BRE DDR Harbison Court LLC's (collectively, "Defendants") Motion in Limine to Prevent Reference to the IPMC (ECF No. 63). Defendants' Motion was filed on August 31, 2018, and Plaintiff Sharon Walker ("Plaintiff") responded in opposition on September 11, 2018. (ECF Nos. 63, 72.) For the reasons stated herein, the court **DENIES** Defendants' Motion in Limine to Prevent Reference to the IPMC (ECF No. 63).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2014, Plaintiff used a parking lot, owned, maintained, and managed by

Defendants, in Columbia, South Carolina. (ECF No. 1-2 at 4 ¶ 10.) While using the parking lot, Plaintiff, allegedly, stepped into a hole between a water meter lid and the parking lot's surface. (*Id.*) Plaintiff maintains that she "fell violently to the ground and sustained serious injuries to her right knee." (*Id.* at 4 ¶ 11.) The parking lot was repaved after Plaintiff's accident, but before she filed the instant lawsuit. (ECF Nos. 43, 55.) After filing her Complaint in the Richland County Court of Common Pleas on May 9, 2017, Defendants removed the case to the United States District Court for the District of South Carolina on June 16, 2017. (ECF Nos. 1, 1-1.) Plaintiff's action is brought under the South Carolina laws of negligence. (ECF No. 1-1.)

On January 4, 2019, the court excluded Dr. Bryan Durig ("Dr. Durig") from providing expert testimony pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). (ECF No. 96.) Dr. Durig was prepared to opine that Defendants' actions were in violation of the International Property Maintenance Code ("IPMC") and American Society for Testing and Materials ("ASTM"). (ECF No. 55-3 at 7–8.) However, prior to the court's ruling pertaining to Dr. Durig, Defendants filed the instant Motion on August 31, 2018, arguing that Dr. Durig and "any other witnesses" should "be prohibited from citing to the IPMC as applicable to the premises at Harbison Court."[1] (ECF No. 63 at 2.) Defendants maintain that the IPMC is a "permissive code" and, therefore, unenforceable unless a local jurisdiction has adopted it. (*Id.* at 2–3.) Defendants submit that Lexington County, South Carolina, has not adopted the IPMC, thereby rendering the IPMC inapplicable. (*Id.*) Plaintiff, on the other hand, contends that testimony regarding the IPMC is relevant and admissible because, under South

---

[1] Defendants claim that the court's exclusion of Dr. Bryan Durig ("Dr. Durig") is dispositive of the issues within the instant Motion. (ECF No. 63 at 1 n.1.) However, Defendants' Motion does not only relate to Dr. Durig because they request that "any other witnesses" be "prohibited" from testifying about the International Property Maintenance Code ("IPMC"), which is far broader in scope and extends beyond Dr. Durig. (*See id.* at 2.)

Carolina law, "industry safety standards [are] relevant to establishing the standard of care in a negligence case." (ECF No. 72 at 3 (citing *Elledge v. Richland/Lexington Sch. Dist. Five*, 573 S.E.2d 789 (S.C. 2002)).) While Plaintiff concedes that the IPMC does not have the force of law, she argues that "evidence of industry standards and guidelines, even if not adopted, [are] highly probative on the issue of the property owner's duty of care." (*Id.* at 4 (citing *Elledge*, 573 S.E.2d at 793–94).).

The court heard oral arguments from Plaintiff and Defendants on December 5, 2018. (ECF No. 90.) During the hearing, Defendants continued to argue for the exclusion of references to the IPMC, while Plaintiff maintained that precedent from the South Carolina Supreme Court requires that the IPMC be considered. (*Id.*) This issue has been extensively briefed by the parties and is now ready for the court's review. *See generally McCollum v. Jacoby Trucking & Delivery, LLC*, C/A No. 8:17-cv-01244-DCC, 2018 WL 827187, at *1 (D.S.C. Feb. 12, 2018); *Peter B. v. Buscemi*, C/A No. 6:10-767-TMC, 2017 WL 4457775, at *1 (D.S.C. July 28, 2017); *Henderson v. Allstate Ins. Co.*, C/A No. 7:15–2383–TMC, 2017 WL 2954951, at *1 (D.S.C. Mar. 28, 2017).

## II. LEGAL STANDARD

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13cr222 (JCC), 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). When ruling upon a motion in limine, a federal district court exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n.2 (4th Cir. 1984)). Nevertheless, a motion in limine "should be granted only when the evidence is clearly

inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3. *See also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018).

## III. DISCUSSION

Under South Carolina law,[2] in order to prevail in a negligence action, a plaintiff must show the following: "(1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered injury or damages." *Madison ex rel. Bryant v. Babcock Ctr., Inc.*, 638 S.E.2d 650, 656 (S.C. 2006). *See generally Fowler v. Hunter*, 697 S.E.2d 531, 534 (S.C. 2010) ("To establish a cause of action in negligence, a plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damages proximately resulting from the breach of duty." (citing *Bloom v. Ravoira*, 529 S.E.2d 710, 712 (S.C. 2000))). Generally, "[t]he owner of property owes to an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety, and is liable for injuries resulting from the breach of such duty." *Sims v. Giles*, 541 S.E.2d 857, 863 (S.C. Ct. App. 2001). South Carolina courts have held that the existence of a legal duty is a question of law for a court, not a jury. *See Doe v. Greenville Cty. Sch. Dist.*, 651 S.E.2d 305, 309 (S.C. 2007); *Doe v. Batson*, 548 S.E.2d 854, 857 (S.C. 2001); *Nelson v. Piggly Wiggly Cent., Inc.*, 701 S.E.2d 776, 779 (S.C. Ct. App. 2010). When determining whether a legal duty

---

[2] As decided by the court's Order and Opinion from January 4, 2019, this court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 90.) Because the court sits in diversity jurisdiction, it must apply the substantive law of the state in which it sits, which is South Carolina. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *See generally Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1416 (4th Cir. 1992) ("The principles of [*Erie*] require a federal court in a diversity case to respect and enforce state-created rights in a manner such that litigation of state-based rights in federal court does not yield results materially different from those attained in the state courts. . . . Generally, then, federal courts applying state-created law are still to conduct those trials under federally established rules of procedure.").

exists in a negligence case, the South Carolina Supreme Court has held that "evidence of industry safety standards is relevant to establishing the standard of care in a negligence case." *Elledge*, 573 S.E.2d at 793. Most recently, the South Carolina Supreme Court opined as follows: "In a given case, a court may establish and define the standard of care by looking to common law, statutes, administrative regulations, *industry standards*, or a defendant's own policies and guidelines." *Roddey v. Wal-Mart Stores E., LP*, 784 S.E.2d 670, 675 (S.C. 2016) (emphasis added) (citation omitted). *See generally Madison ex rel. Bryant*, 638 S.E.2d at 659; *Kennedy v. Columbia Lumber & Mfg. Co., Inc.*, 384 S.E.2d 730, 738 (S.C. 1989).

Plaintiff's reliance upon *Elledge* presents a complex, thornier issue that neither party adequately confronts. (ECF No. 63 at 2–3; ECF No. 72 at 3–5.) In *Elledge*, the South Carolina Supreme Court held that industry safety standards were relevant and admissible under the South Carolina Rules of Evidence. 573 S.E.2d at 792–95. Typically, given that this court sits in diversity jurisdiction, the Federal Rules of Evidence, not the South Carolina Rules of Evidence, apply because they are validly enacted procedural rules and govern in diversity cases. *See Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109 (4th Cir. 1995); *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1054 (4th Cir. 1986). However, despite the Federal Rules of Evidence normally applying in diversity cases, the United States Court of Appeals for the Fourth Circuit has cautioned that there are instances in which the Federal Rules of Evidence may "encroach upon a [s]tate's substantive law." *Hottle*, 47 F.3d at 110. In other words, "there are circumstances in which a question of admissibility of evidence is so intertwined with a state substantive rule that the state rule . . . will be followed in order to give full effect to the state's substantive policy." *Id.* (quoting *DiAntonio v. Northampton-Accomack Mem'l Hosp.*, 628 F.2d 287, 291 (4th Cir. 1980)). *See, e.g., In re C.R. Bard, Inc., MDL No. 2187, Pelvic Repair Sys. Prods. Liab. Litig.*, 810 F.3d 913, 919 n.1 (4th Cir.

2016) ("Only where a state evidentiary rule is 'bound up' with substantive policy will it control over the federal rule." (quoting *Hottle*, 47 F.3d at 110)); *Creekmore v. Maryview Hosp.*, 662 F.3d 686, 690–93 (4th Cir. 2011) (holding that expert testimony was required under state law in a medical malpractice case, and, regardless of federal law, a district court properly admitted an expert witness as mandated under state court precedent); *Banko v. Cont'l Motors Corp.*, 373 F.2d 314, 316 (4th Cir. 1966) (applying a federal evidentiary rule when state substantive law was not implicated).

South Carolina law clearly allows industry standards to play an important role when formulating a party's standard of care in a negligence case. *See Roddey*, 784 S.E.2d at 675 ("In a given case, a court may establish and define the standard of care by looking to common law, statutes, administrative regulations, *industry standards*, or a defendant's own policies and guidelines." (citation omitted)); *Madison ex rel. Bryant*, 638 S.E.2d at 659 ("The standard of care in a given case may be established and defined by the common law, statutes, administrative regulations, industry standards, or a defendant's own policies and guidelines." (citations omitted)); *Elledge*, 573 S.E.2d at 793 ("[T]he general rule is that evidence of industry safety standards is relevant to establishing the standard of care in a negligence case." (citations omitted)). Most importantly, the South Carolina Supreme Court does not require a party to explicitly adopt industry standards in order for them to be relevant and admissible in a negligence case. *See Elledge*, 573 S.E.2d at 792–93 ("We agree . . . that the trial court was under 'the mistaken belief that the [d]istrict must have adopted these national protocols before such evidence was admissible.'" (quoting *Elledge v. Richland/Lexington Sch. Dist. Five*, 534 S.E.2d 289, 291 (S.C. Ct. App. 2000))). Additionally, although the court is tasked with determining a party's legal duty, the jury, as the fact-finder, is tasked with determining whether that duty, which may incorporate industry

standards, has been breached. *See McVey v. Whittington*, 151 S.E.2d 92, 96 (S.C. 1966); *Moore v. Weinberg*, 644 S.E.2d 740, 746 (S.C. Ct. App. 2007); *Miller v. City of Camden*, 451 S.E.2d 401, 403 (S.C. Ct. App. 1994). Based upon the rich precedent from South Carolina courts, the admissibility of industry standards are intertwined with the substantive law of a negligence case, including for defining the relevant legal duty and jury's decision of whether a breach of that duty occurred. *See Roddey*, 784 S.E.2d at 675; *Madison ex rel. Bryant*, 638 S.E.2d at 65; *Elledge*, 573 S.E.2d at 793. In order to give "full effect" of South Carolina's substantive policy of considering industry standards within negligence cases, the court holds that references to the IPMC, which are relevant industry standards in this case, are admissible because they are "interwined" with the substantive law of South Carolina.[3] *Hottle*, 47 F.3d at 110.

Defendants submit that the IPMC is a "permissive code" and is not applicable to this case because Lexington County, South Carolina, has declined to adopt it. (ECF No. 63 at 2.) In support of their argument, Defendants rely upon *Kauffman v. Park Place Hosp. Grp.*, C/A No. 2:09–1399–MBS, 2011 WL 1335832, at *2 (D.S.C. Apr. 7, 2011), *aff'd*, 468 F. App'x 220, 222 (4th Cir. 2012).[4] (*Id.* at 2–3.) However, *Kauffman* is clearly distinguishable from the instant dispute for several reasons. In *Kauffman*, there were two different building codes at issue, and two parties disputed which building code was applicable when defining the appropriate standard of care. 2011 WL 1335832, at *4. The *Kauffman* court held that the applicable code was the one adopted by the

---

[3] The South Carolina Supreme Court stressed that industry standards do not have "the force of law," but are "illustrative evidence of safety practices or rules generally prevailing in the industry." *Elledge v. Richland/Lexington Sch. Dist. Five*, 573 S.E.2d 789, 793 (S.C. 2002) (quoting *McComish v. DeSoi*, 200 A.2d 116, 121 (1964)).

[4] Defendants have suggested that *Kauffman* is "unequivocal and binding." (ECF No. 63 at 3.) Defendants are misguided in regard to *Kauffman*'s precedential force upon the court. In *Kauffman*, the United States Court of Appeals for the Fourth Circuit reiterated that unpublished opinions are not binding precedent upon federal district courts. 468 F. App'x 220, 221 (4th Cir. 2012). Because *Kauffman* is an unpublished decision from the Fourth Circuit, it is not binding upon the court. *Id.*

local jurisdiction, not the code that the jurisdiction declined to adopt. *Id.* The *Kauffman* court was chiefly concerned with choosing the correct code to follow, and its decision did not turn on prohibiting witnesses from citing to or referencing either code. *Id.* at *3–4. Moreover, unlike the questions implicated before this court, since the parties agreed that a code was applicable, the *Kauffman* court was not tasked with deciding if a code is relevant to defining the standard of care or finding a breach of a legal duty under South Carolina law. *Id.* For these reasons, the court finds *Kauffman* inapposite because it did not directly answer the nuanced issue addressed by the court today. *Id.* For these reasons, taken together, the court does not find Defendants' argument availing and in harmony with Fourth Circuit precedent.

## IV. CONCLUSION

After a careful examination of Defendants' Motion in Limine to Prevent Reference to the IPMC (ECF No. 63), Plaintiff's Memorandum of Law in Opposition to Defendants' Motion (ECF No. 72), and the parties' arguments at the hearing, the court **DENIES** Defendants' Motion in Limine to Prevent Reference to the IPMC (ECF No. 63).

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

January 9, 2019
Columbia, South Carolina