IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sharon Walker, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 3:17-cv-01586-JMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DDR Corp., BRE DDR Harbison Court LLC, Joe Doe No. 1, John Doe No. 2, John Doe Company No. 1, Joe Doe Company No. 2, Joe Doe Company No. 3, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| BRE DDR Harbison Court LLC,[1] | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Coffelt Consolidated Holdings Inc., *d/b/a* Elite Sweeping Service, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

This matter is before the court for review of DDR Corp. and BRE DDR Harbison Court LLC's (collectively, "Defendants") Motion in Limine to Exclude Certain Post-Incident Materials (ECF No. 66). Defendants' Motion was filed on August 31, 2018, and Plaintiff Sharon Walker ("Plaintiff") responded in opposition on September 11, 2018. (ECF Nos. 66, 70.) For the reasons

---

[1] CM/ECF indicates that DDR Corp. is a third-party plaintiff to the case. However, numerous filings of the parties do not indicate that DDR Corp. is a third-party plaintiff. (*See* ECF Nos. 42, 43, 44, 51, 55, 58, 66, 70.) Upon review of Defendants' Motion to Amend Answer to Assert Third-Party Claims, it seems that only BRE DDR Harbison Court LLC brings claims against a third-party defendant. (ECF No. 14.) Therefore, the court directs the Clerk of Court for the United States District for the District of South Carolina to remove DDR Corp. as a third-party plaintiff from the CM/ECF.

1

stated herein, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion in Limine to Exclude Certain Post-Incident Materials (ECF No. 63).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2014, Plaintiff used a parking lot, owned, maintained, and managed by Defendants, in Columbia, South Carolina. (ECF No. 1-2 at 4 ¶ 10.) While using the parking lot, Plaintiff allegedly stepped into a hole between a water meter lid and the parking lot's surface. (*Id.*) Plaintiff maintains that she "fell violently to the ground and sustained serious injuries to her right knee." (*Id.* at 4 ¶ 11.) As a result of the purported accident, DDR property manager Lisa Nesbitt ("Nesbitt") prepared an incident report and e-mailed Greg Coffelt, the principal of the third-party Defendant. (ECF No. 66-1 at 2; ECF No. 66-4 at 1.) The parking lot was repaved after Plaintiff's accident, but before she filed the instant lawsuit. (ECF Nos. 43, 55.) After Plaintiff initially filed her Complaint in the Richland County Court of Common Pleas on May 9, 2017, Defendants removed the case to the United States District Court for the District of South Carolina on June 16, 2017. (ECF Nos. 1, 1-1.) Plaintiff's action is brought under the South Carolina laws of negligence. (ECF No. 1-1.)

On August 31, 2018, Defendants filed a Motion in Limine to Exclude Certain Post-Incident Materials. (ECF No. 66.) First, Defendants argue that Nesbitt's incident report should be excluded because it is unfairly prejudicial under Rule 403 of the Federal Rules of Evidence ("the Rules") and contains hearsay for which there is no exception under the Rules. (*Id.* at 2–3.) Specifically, Defendants claim that a narrative portion of the incident report are the words of a Fast Signs manager, not those of Nesbitt, and, therefore, that portion of the incident report is inadmissible hearsay. (*Id.* at 3; ECF No. 66-1 at 1–3.) The narrative section at issue states: "claimaint [sic] was leaving tenant space, her car was shadowing a water meter cover that was not even and she tripped

2

on it and fell." (ECF No. 66-3 at 1.) Secondly, Defendants maintain that an e-mail from Nesbitt to Coffelt is unfairly prejudicial under Rule 403 because it confuses the issues and may mislead the jury. (ECF No. 66 at 3–4.) Nesbitt's e-mail states:

> "Do you recall a woman was leaving Battery's Plus, her car basically cast a shadow over the parking lot where an uneven drain cap was and she tripped and fell? I THINK I asked Choate to run over and put a cone on it and MAYBE we had WW fix the drain and then we did the asphalt."

(ECF No. 66-4 at 1.) Based upon the Rules, Defendants request the court to exclude the incident report and the e-mail between Nesbitt and Coffelt. (ECF No. 66 at 4.)

Plaintiff filed a Memorandum of Law in Opposition to Defendants' Motion on September 11, 2018. (ECF No. 70.) Plaintiff first argues that the incident report is admissible under Rule 801(d)(2)(d) and Rule 803(6) of the Rules because the report qualifies as an admission by the opposing party and is a business record. (*Id.* at 3-6.) As it relates to Nesbitt's e-mail, Plaintiff likewise submits that it is admissible under Rule 801(d)(2)(d) and Rule 803(6) because it also qualifies as an admission and a business record. (*Id.* at 7–8.) Premised upon the aforementioned evidentiary theories, Plaintiff requests the court to deny Defendants' Motion. (*Id.* at 8.)

The court heard oral arguments from Plaintiff and Defendants on December 5, 2018. (ECF No. 90.) During the hearing, Defendants continued to argue for the exclusion of "certain post-incident materials," while Plaintiff maintained that the incident report and e-mail were admissible under the Rules. (*Id.*) This issue has been extensively briefed by the parties and is now ready for the court's review. *See Walker v. DDR Corp.*, C/A No. 3:17-cv-01586-JMC, 2019 WL 142303, at *2 (D.S.C. Jan. 9, 2019) (citations omitted).

## II. LEGAL STANDARD

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is

3

to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13cr222 (JCC), 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014). When ruling upon a motion in limine, a federal district court exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n.2 (4th Cir. 1984)). Nevertheless, a motion in limine "should be granted only when the evidence is clearly inadmissible on all potential grounds." *Verges*, 2014 WL 559573, at *3. *See also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018).

### III. DISCUSSION

A. <u>The Admissibility of Nesbitt's Incident Report</u>

Defendants seek to exclude the narrative portion of the incident report which states the following: "claimaint [sic] was leaving tenant space, her car was shadowing a water meter cover that was not even and she tripped on it and fell." (ECF No. 66-3 at 1.) Defendants argue that the statement contains multiple layers of hearsay because Nesbitt received the narrative from a Fast Signs manager, an employee of the tenant occupying the premises of the accident. (ECF No. 66 at 2–3.) Defendants also maintain that the incident report is unfairly prejudicial. (*Id.* at 2.) During the hearing, Defendants requested the court, at a minimum, to redact the narrative section of the incident report. Plaintiff, on the other hand, submits that Nesbitt wrote the narrative within the scope of her employment and "adopted or believed the statement to be true . . . ." (ECF No. 70 at 5.) In addition, Plaintiff maintains that the incident report is an admission by a party opponent and, therefore, not hearsay. (*Id.* at 4.)

Generally, under the Federal Rules of Evidence, hearsay is inadmissible. FED. R. EVID. 802. However, Rule 803(6) provides that a "record of an act, event, [or] condition" is admissible

4

when certain conditions are met. *See* FED. R. EVID 803(6). Defendants concede that the incident report itself is admissible as a business record under Rule 803(6), but contest the narrative portion because it came from the Fast Signs manager and, therefore, constitutes hearsay. (*See* ECF No. 66 at 3.) Defendants' argument prevails for several reasons. "'Hearsay' means *a statement* that: (1) *the declarant does not make while testifying at the current trial or hearing*; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c) (emphasis added). In addition, "[h]earsay within hearsay is not excluded by the rule against hearsay *if each part of the combined statements conforms with an exception to rule*." FED. R. EVID. 805. During her deposition, Nesbitt opined that the narrative portion of the incident report "came from the [Fast Signs] manager." (*See* ECF No. 66-1 at 3.) The parties indicated, during the hearing, that the Fast Signs manager would not be testifying in the event of a trial. Accordingly, the narrative portion is hearsay unless an exception applies because Nesbitt dictated what was told to her by the Fast Signs manager. *See* FED. R. EVID. 801, 805.

Plaintiff maintains that the narrative portion is admissible because it "qualifies as an admission and thus is not hearsay." (ECF No. 70 at 4.) Moreover, Plaintiff argues that Nesbitt made the statement "within the scope of her employment" and "adopted or believed the statement to be true . . . ." (*Id.* at 5.) Plaintiff's arguments miss the mark. Given that Nesbitt testified that the narrative portion "came from the [Fast Signs] manager," her dictation is unequivocally hearsay within hearsay under Rule 805. (*See* ECF No. 66-1 at 3.) Because Nesbitt is not an opposing party in the instant lawsuit, Rule 801(d)(2) only allows the statement's admissibility if it "was made by a person whom the party authorized to make a statement on the subject" or "was made by the party's agent or employee within the scope of that relationship and while it existed." *See* FED. R. EVID. 801(d)(2)(C)–(D). There is no evidence suggesting that Defendants "authorized" the Fast

5

Signs manager to make a statement on the subject. (*See* ECF Nos. 66, 66-3, 70.) Although Nesbitt was employed by Defendants, thereby allowing her dictation to qualify under Rule 801(d)(2)(D), there is no evidence that the Fast Signs manager was Defendants' "agent or employee" and provided the statement "within the scope of that relationship and while it existed."[2] (*See* ECF Nos. 66, 66-3, 70.) Thus, the narrative portion of the incident report is inadmissible hearsay.[3] FED. R. EVID. 802.

B. <u>The Admissibility of Nesbitt's E-mail to Coffelt</u>

Concerning Nesbitt's e-mail to Coffelt, Defendants only invoke Rule 403 and claim that the e-mail may confuse the issues and mislead the jury because Nesbitt was not present during the actual investigation. (*See* ECF No. 66 at 3–4.) Contrary to the incident report, Defendants do not seem to challenge the e-mail on hearsay grounds. (*See id.*) In opposition to Defendants, Plaintiff contends that the e-mail is relevant because the email was sent after Defendants, purportedly, had notice of the lawsuit, and Nesbitt "performed her own investigation and visited the site within two days of the incident." (ECF No. 70 at 7–8.)

The Federal Rules of Evidence provide the following: "The court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, *confusing the issues*, *misleading the jury*, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403 (emphasis added). A federal district court has "broad discretion" to render a judgment under Rule 403. *See United States v.*

---

[2] During the hearing and in her response to Defendants' Motion, Plaintiff did not and does not provide any hearsay exception as it relates to the Fast Signs manager's communication to Nesbitt and seems to completely ignore the role of the Fast Signs manager. (*See* ECF No. 70.)

[3] Because the court excludes the narrative section of the incident report as hearsay, it need not make any findings regarding Defendants' argument concerning the prejudicial nature of the narrative section under Rule 403. (*See* ECF No. 66.)

6

*Simpson*, 910 F.2d 154, 157 (4th Cir. 1990) (quoting *United States v. Tindle*, 808 F.2d 319, 327 n.6 (4th Cir. 1986)). Generally, "[a]ll relevant evidence is 'prejudicial' in the sense that it may prejudice the party against whom it is admitted." *Mullen v. Princess Anne Volunteer Fire Co., Inc.*, 853 F.2d 1130, 1134 (4th Cir. 1988). Rule 403 is only concerned with "unfair prejudice," which is "the possibility that the evidence will excite the jury to make a decision on the bases of a factor unrelated to the issues properly before it." *Id.* (citations omitted).

> Adhering to those guiding principles, Nesbitt's e-mail says the following:
>
> "Do you recall a woman was leaving Battery's Plus, her car basically cast a shadow over the parking lot where an uneven drain cap was and she tripped and fell? I THINK I asked Choate to run over and put a cone on it and MAYBE we had WW fix the drain and then we did the asphalt."

(ECF No. 66-4 at 1.) As an initial matter, Nesbitt's e-mail is relevant to Plaintiff's claim because it is indicative of the actual occurrence of an accident, Defendants' response to the alleged accident, and Defendants' knowledge of whether there was an issue with the water valve.[4] (*See* ECF No. 66-4 at 1.) Therefore, the e-mail is direct evidence of how Defendants' either maintained or failed to maintain the water valve and whether the water valve was in a state of disrepair. *See Am. Home Assurance Co. v. Merk & Co., Inc.*, 462 F. Supp. 2d 435, 442–43 (S.D.N.Y. 2006) (holding that e-mails were not unduly prejudicial in a breach of contract claim because the e-mails were direct evidence of how a party interpreted a contract and the mutual understanding of the parties). Moreover, there is no indication, as suggested by Defendants, that the e-mail's probative value is *substantially outweighed by* the confusion of issues or danger of misleading the jury. (ECF No. 66 at 3–4.) Instead, in this instance, the danger of prejudice is substantially outweighed by the probative value of the e-mail, thereby making the e-mail properly admissible. *See Sec. & Exch.*

---

[4] Defendants do not contest the relevancy of the e-mail. (*See* ECF No. 66 at 3–4.)

*Comm'n v. Goldstone*, No. CIV 12-0257 JB/GBW, 2016 WL 4483865, at *10 (D.N.M. July 20, 2016) (holding that e-mails, detailing a defendant's motive and intent, were not unfairly prejudicial because the probative value was "high and substantially outweigh[ed] any prejudicial value or danger [posed to] . . . the jury" (citation omitted)).

Defendants maintain that "using the e[-]mail in an attempt to accuse Defendants of making an admission is taking the correspondence out of context, thereby confusing the issues and misleading the jury." (ECF No. 66 at 4.) Defendants' argument is unpersuasive. The Federal Rules of Evidence provide that a statement is excluded from being hearsay when it is "offered against an opposing party" and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed . . . ." FED. R. EVID. 801(d)(2)(D). During the time in which Nesbitt sent the e-mail, she was employed by Defendants. (ECF No. 70-1 at 3–4.) Additionally, Plaintiff is clearly offering the statement against Defendants. (ECF No. 70 at 7–9.) Therefore, the court finds Defendants' argument without merit as it relates to Nesbitt's e-mail to Coffelt, and the e-mail is admissible.[5]

## IV. CONCLUSION

After a careful examination of Defendants' Motion in Limine to Exclude Certain Post-Incident Materials (ECF No. 66), Plaintiff's Memorandum of Law in Opposition to Defendants' Motion (ECF No. 70), and the parties' arguments at the hearing, the court **GRANTS IN PART**

---

[5] The court also observes that Nesbitt sent the e-mail within the scope of her own personal knowledge because the e-mail was sent almost a month after she created the incident report or spoke with the Fast Signs manager who purportedly conveyed the details of the accident to her. (*See* ECF No. 66-1 at 3; ECF No. 66-3 at 1; ECF No. 66-4 at 1.) Moreover, unlike the incident report, Nesbitt's e-mail does not indicate that her description of the incident are the direct words of the Fast Signs manager, which would implicate hearsay concerns. (*See* ECF No. 66-4 at 1.) Lastly, unlike the incident report, Nesbitt's e-mail is a question and not a statement, thereby making the e-mail outside the scope of hearsay. *See* FED. R. EVID. 801(c). (*Compare* ECF No. 66-3 at 1, *with* ECF No. 66-4 at 1.)

and **DENIES IN PART** Defendants' Motion in Limine to Exclude Certain Post-Incident Materials (ECF No. 66).

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 25, 2019
Columbia, South Carolina